**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                          Criminal No. 11-cr-079-01-SM

<u>Angel A. Oller</u>

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on June 8, 2011, for the purpose of determining whether to detain the defendant. The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with a drug offense that carries maximum sentence of ten or more years.

In this case, the defendant is charged by indictment with:

- one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1);
- one count of Distribution of Heroin in violation of 21 U.S.C. § 841(a)(1);
- one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c); and
- one count of Aiding and Abetting the Making of a False Statement During the Acquisition of a Firearm in violation of 18 U.S.C. §§ 2 and 922(a)(6).

The distribution of heroin charge satisfies the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness") 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

3

18 U.S.C. § 3142(e)(3)(A). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 F.2d at 1416.

### Findings and Rulings

In the instant case, the indictment provides probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the drug charge is one for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Thus, § 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Defendant has also been charged with possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime. Thus, § 3142(f)(1)(E)'s rebuttable presumption that "no condition or combination of conditions will

4

reasonably assure the safety of any other person and the community" is also triggered in this case.

The government sought detention on the basis of both flight and danger.  For the reasons stated on the record, the court determined that conditions could be fashioned to reasonably assure the defendant's appearance.  However, for reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the defendant's release, even on strict conditions, presents an unacceptable risk of danger to the community.

Specifically, with respect to dangerousness, the court weighed the following:

- The nature of the charges are extremely serious.  They include the sale of a controlled drug, possession of a firearm by a convicted felon, and possessing a firearm in furtherance of drug trafficking.  The government discovered defendant's criminal activity after tracing back to the defendant a firearm used in a Boston homicide in March 2010.  According to the government, the gun traveled from the defendant to a relative of the defendant, who then provided the gun to the person who committed the murder with it.

5

- The weight of the evidence against the defendant is very strong and includes recorded phone calls during which the defendant allegedly made incriminating admissions.

- A search warrant executed at the defendant's residence resulted in the discovery of approximately 50 grams of cocaine.

- Defendant has a criminal record that, while old, includes convictions on two counts of assault and battery with a dangerous weapon.

- Defendant is currently released on bail ($25,000 cash) for related drug charges pending in Suffolk County Superior Court in Suffolk County, Massachusetts.  Despite being released on bail, defendant admits that he has continued to smoke marijuana on a daily basis.  Defendant told the pretrial services officer during his interview that he was "unaware that he was not allowed to smoke marijuana while on bail."

On the basis of the foregoing, the court concludes that the defendant is a danger to the community.

For all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the

safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

    **SO ORDERED.**

                                                  _____
                                                  Landya B. McCafferty
                                                  United States Magistrate Judge

Date:  June 9, 2011

cc:   James D. Gleason, Esq.
      Debra M. Walsh, Esq.
      U.S. Marshal
      U.S. Probation